# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAEDONNA BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-977-M |
| | ) | |
| CAROLYN W. COLVIN, acting | ) | |
| Commissioner Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Raedonna Bush (Plaintiff) invokes this Court's jurisdiction to obtain judicial review of the Defendant Acting Commissioner's (Commissioner) final decision denying her application for supplemental security income (SSI) payments under the Social Security Act. *See* 42 U.S.C. § 405(g). Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). After carefully reviewing the pleadings, the administrative record (AR), and the parties' briefs, the undersigned recommends the Commissioner's decision be affirmed.

## I.  Administrative proceedings.

Plaintiff protectively filed her application for SSI payments with the Social Security Administration (SSA) in June 2009, claiming she became unable to

work on October 1, 2008 as a result of a disabling condition. AR 20. The SSA denied the application at the State agency level, and Plaintiff challenged that determination in June 2010 by requesting a hearing before an administrative law judge (ALJ). *Id.*

On February 13, 2012, the SSA Office of Disability and Review (ODAR) notified Plaintiff and her counsel, Miles Mitzner, that the requested hearing had been scheduled for April 11, 2012. *Id.* at 95-107. ODAR asked Plaintiff to complete and return – within five days – an enclosed Acknowledgement [sic] of Receipt (Notice of Hearing) form indicating either that she would be present at the hearing as scheduled or that she could not be present, with a space for her to request, with explanation, that the hearing be rescheduled. *Id.* at 96, 102, 108, 109.

On February 28, 2012, Mr. Mitzner faxed a letter to ALJ Jennie McLean, instructing her to "[a]ccept this as our notice that neither I nor my client will be present at the hearing you have set on April 11, 2012 at 8:45 A.M." *Id.* at 131. Mr. Mitzner went on to "request that you recuse yourself and respond to me with your answer before the hearing date." *Id.* He then detailed his reasons for the recusal request. *Id.* at 131-32.

On March 4, 2012, Plaintiff returned the acknowledgment of receipt form, indicating that she could not be present at a hearing on April 11, 2012, and

adding, "I request my hearing to be held on the record." *Id.* at 125.

On March 28, 2012, ODAR mailed a Notice of Hearing – Important Reminder to Plaintiff with a copy to Mr. Mitzner. *Id.* at 119-24. The notice reminded Plaintiff (and Mr. Mitzner) to complete and return her acknowledgment form if she had not already done so and advised that she was expected at the scheduled April 11, 2012 hearing. *Id.* at 119, 121.

On April 2, 2012, ODAR notified Mr. Mitzner that it had received Plaintiff's acknowledgment "'requesting her hearing to be held on the record', as she cannot be present at the time and place shown on the Notice of Hearing." *Id.* at 129. ODAR advised Mr. Mitzner that "[i]n order to process this we will need the enclosed form 'Waiver of Your Right To Personal Appearance Before An Administrative Law Judge' completed and returned in the enclosed SASE." *Id.* The record does not contain an executed version of the waiver form enclosed with ODAR's notice. *Id.* at 126-28.

The ALJ held the hearing as scheduled on April 11, 2012. *Id.* at 35-40. She announced at the outset that "[t]he claimant and representative have, in writing, advised they will not be present at the hearing and have requested an on-the-record decision. The representative has requested that I recuse myself from the hearing. I find no reason to recuse myself and the hearing will proceed." *Id.* at 37. The ALJ then proceeded to examine the vocational expert

3

who provided evidence of available work in the national economy. *Id.* at 38-40. The ALJ subsequently made written findings, *id.* at 20-29, repeating the announcement she had made at the outset of the hearing. *Id.* at 20. Relying on the testimonial evidence from the vocational expert, she found that Plaintiff was not disabled because she retained the ability to perform available work in the national economy. *Id.* at 28-29.

## II. Analysis of Plaintiff's claims on judicial review.

### A. Plaintiff's claims of error and her support for those claims.

Plaintiff asserts that "[t]his case should be remanded because the ALJ denied due process to [Plaintiff] by taking expert evidence without making a proper proffer to her or her counsel before rendering a final decision and failing to respond to a recusal request" in writing in advance of the hearing. Doc. 11, at 3, 7.

As support, she points to alleged violations by the ALJ of various provisions of the Commissioner's Hearings, Appeals and Litigation Law Manual (HALLEX). *Id.* at 4-7. She contends that "as to the specific interpretation at issue here, this Court has held that the Commissioner must follow its own promulgated rules." *Id.* at 7. She cites to two decisions bearing on the deference accorded to agency rulings, but neither addressing whether or not the provisions of an internal agency policy manual such as the HALLEX have the force and

4

effect of law. *Id.*[1]

B.  **The Commissioner's response.**

The Commissioner defends the ALJ's actions as consistent with the HALLEX provisions. Doc. 12, at 4-5. And she contends that "even if the Court were to determine that the ALJ violated the HALLEX, Plaintiff has not shown that she suffered any prejudice." *Id.* at 6. As support, she relies on Tenth Circuit authority "assum[ing] without deciding that we can grant relief for *prejudicial* violations of the HALLEX provisions . . . ." *Butterick v. Astrue*, 430 F. App'x 665, 668 (10th Cir. 2011) (emphasis added).

C.  **Discussion.**

Plaintiff did not exercise her option to file a reply brief to counter the Commissioner's arguments. And she made no attempt in her opening brief to show how she was possibly prejudiced by not having the opportunity before the ALJ issued her written decision to "review and comment" on the evidence provided by the vocational expert. Doc. 11, at 5. She does not question the merits of the ALJ's written decision in any regard or explain what decision-altering comments she would have made about the vocational evidence had the ALJ invited her to do so. Neither does she explain what she would have done

---

[1] Plaintiff relies on *Auer v. Robbins*, 519 U.S. 452, 461 (1997) and *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993).

differently had the ALJ "inform[ed her] in writing of the reasons she was not recusing herself." *Id.* at 7. She simply complains that "there is a significant procedural error." *Id.*

Without question, Social Security proceedings "are subject to procedural due process considerations." *Yount v. Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005). "A due process claim will not succeed, however, if the claimant fails to show prejudice." *Mays v. Colvin*, 739 F.3d 569, 573 (10th Cir. 2014) (no prejudice if the claimant fails to show "the likelihood of a different result").

### III. Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends the Commissioner's decision be affirmed.

The undersigned advises the parties of their right to object to this Report and Recommendation by July 30, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 10th day of July, 2014.

_/s/ Suzanne Mitchell_
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE